**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---:|
| Chambers of<br>**Ellen Lipton Hollander**<br>District Court Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-0742 |

March 25, 2022

MEMORANDUM TO COUNSEL

    Re:    *Hull v. Boston Scientific Corp.*
              Civil Action No. ELH-21-3198

Dear Counsel:

As you know, on December 16, 2021, plaintiff Karla Hull initiated this products liability action against defendant Boston Scientific Corp. ("Boston Scientific" or "BSC"). ECF 1. The following day, plaintiff amended her pleading. ECF 4 (the "Amended Complaint"). The suit concerns injuries plaintiff allegedly suffered following the "implant[ation]" of the "Lynx Sling," a product "designed, manufactured, packaged, labeled and sold by Defendant." *Id.* ¶ 55.

According to plaintiff, she was "implanted with a Lynx Sling" on December 8, 2018, for the purpose of "treating the Plaintiff for stress urinary incontinence, cystocele, and retocele, uses for which Defendant marketed and sold the products [sic]." *Id.* Plaintiff asserts that "[a]fter, and as a result of the implantation of the Lynx Sling," she "suffered serious bodily injuries, including but not limited to, extreme pain, discomfort, urinary problems, dyspareunia, and other injuries." *Id.* ¶ 58. And, she states: "These injuries would not have occurred but for the defective nature of the products [sic] implanted and/or Defendant's wrongful conduct." *Id.*

The Complaint lodges eight "Cause[s] of Action" against defendant. *Id.* ¶¶ 64-103. They include: "Strict Product Liability Failure to Warn"; "Strict Liability"; "Negligence"; "Breach of Implied Warranty"; "Breach of Express Warranty"; "Fraud"; "Fraud by Concealment"; and "Negligent Misrepresentation". *Id.*

On February 17, 2022, defendant moved to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). ECF 7. The motion is supported by a memorandum of law (ECF 7-1 at 1-17) (collectively, the "Motion") and several exhibits. Plaintiff's response is due on April 4, 2022. *See* ECF 9.

It appears to the Court that the Lynx Sling was previously the subject of multidistrict litigation (the "MDL") in the District Court for the Southern District of West Virginia. *See In re Boston Scientific Corp., Pelvic Repair System Products Liability Litigation*, MDL No. 2326 (S.D. W. Va.). Notably, the MDL closed on February 11, 2021. *See id.* Curiously, however, the Motion does not mention the MDL, or otherwise discuss its possible import with respect to the issues in this case.

It would be helpful for the Court to know whether, if at all, the MDL bears on the instant proceeding. In particular, the MDL could implicate issues of collateral estoppel. Accordingly, by the close of business on April 15, 2022, I ask counsel to file memoranda advising the Court as to the significance of any rulings in the MDL. The memoranda shall not exceed ten pages in length. Reply memoranda may be filed by the close of business on May 2, 2022, not to exceed ten pages.

Despite the informal nature of this Memorandum, it is an Order of the Court and the Clerk is directed to docket it as such.

Very truly yours,

/s/

Ellen Lipton Hollander
United States District Judge